FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 19　P 4: 07

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NUMBER: 00-211** |
| **KRISTOPHER RICHARD WHITE** | * | **SECTION: "S"** |

### STIPULATIONS OF PARTIES TO THE RULE TO REVOKE SUPERVISED RELEASE AS TO THE FACTUAL BASIS OF THIS MATTER

The above-named defendant, Kristopher Richard White has agreed to stipulate to the revocation of his Supervised Release that was imposed following his conviction of Title 18 U.S.C. 2113(a) for Bank Robbery. The United States of America and the defendant now stipulate to the following statements concerning the factual basis of this matter.

Should this matter have proceeded to a formal revocation hearing, the United States of America would have proven, through the introduction of relevant, competent and admissible testimonial, physical and demonstrative evidence, the following facts to support the allegations stated in the Rule to Revoke Supervised Release now pending against the defendant, **KRISTOPHER RICHARD WHITE**:

1)	On January 24, 2001, Kristopher White appeared before Your Honor following his

___ Fee_____
___ Process____
X   Dktd_____
___ CtRmDep___
___ Doc. No.___

plea of guilty to 18 U.S.C. 2113(a), bank robbery. White was sentenced to serve 51 months custody of the Bureau of Prisons, to be followed by a five year term of supervised release. A $100.00 special assessment fee was also imposed.

White was released from federal custody on June 8, 2004, at which time his supervised release commenced. White has been supervised by the United States Probation Office for the Eastern District of Louisiana since that time.

White appeared before the court on May 11, 2005, to Answer a Rule to Show Cause Why Supervised Release Should not be Revoked and a stipulation was reached which required Mr. White to participate in and complete an in-patient drug treatment program. Mr. White did not complete the program as ordered.

## COMPLIANCE WITH SUPERVISION CONDITIONS:

White has violated the conditions of his supervised release by failing to participate in a long term drug treatment program as ordered by the court.

The court, on May 11, 2005, ordered the defendant to complete a long term drug treatment program as a special condition of his supervised release term. Subsequently, White was instructed to enroll in the Way Builders long term drug treatment program. Records from said agency indicates that the defendant reported to the program on May 19, 2005. Our office was advised that the defendant decided to arbitrarily leave the program without permission on May 25, 2005. The defendant did not return to the facility and was unsuccessfully terminated.

Accordingly, on June 6, 2005, White was instructed to enroll in Teen Challenge, a long term drug treatment program which is located in the Greater New Orleans Metropolitan area. On June 7, 2005, our office contacted personnel from said agency and it was reported that the defendant did not return to the facility in order to be processed after stating he would. Staff reported that the defendant called to inquire about the program on June 6, 2005, however, did not follow-up with a personal visit.

White absconded from supervision after he failed to return to the treatment facility on June 6, 2005, and his whereabouts were unknown for approximately two months. A bench warrant was subsequently requested and issued.

_____
Kristopher R. White (Defendant)
Date: 12/19/05

_____
George Chaney, Jr. (Defense Counsel)
Date: 12/19/05

_____
John Murphy (Asst. U.S. Attorney)
Date: 16 DEC 2005